UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. _____

PETER E. SHAPIRO, P.A.

    Plaintiff,

vs.

WELLS FARGO BANK, N.A.

    Defendant.
_____/

## COMPLAINT

Plaintiff, **PETER E. SHAPIRO, P.A.**, ("Plaintiff"), hereby sues WELLS FARGO BANK, N.A. ("WELLS FARGO") for damages and says:

## PARTIES

1. Plaintiff, PETER E. SHAPIRO, P.A. ("SHAPIRO P.A."), is a professional association incorporated under Florida law with its principal place of business in Broward County, Florida.

2. The principal of SHAPIRO P.A., Peter Shapiro, Esq., is admitted to the practice of law in Florida and elsewhere.

3. Defendant, WELLS FARGO BANK, N.A., is a federally chartered national bank which is for diversity purposes a citizen of South Dakota and California. *Wells Fargo Bank N.A. v, Mitchell's Park, LLC,* 615 Fed, App'x, 561, 564 (11th Cir. 2015).

4. Wells Fargo is the second largest bank in the United States and is the operating subsidiary of Wells Fargo & Co.

5. Wells Fargo does business and has many offices throughout the Southern District of Florida, including numerous branches throughout Miami and Fort Lauderdale, Florida.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this cause under 28 USC § 1332 as the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

7. This Court has venue over this action because a substantial part of the events giving rise to this claim occurred in this district, and because WELLS FARGO resides in this district within the meaning of 28 U.S.C. § 1391 due to its numerous operations and branches throughout this district.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

8. As part of a commercial transaction, SHAPIRO P.A., on Tuesday, November 21, 2017, in the Southern District of Florida, initiated a wire transfer in the amount of $504,611.13 from its legal trust account at its bank (Citibank) from one of its branches in the Southern District of Florida.

9. Due to a fraudulent scheme involving unauthorized access and hacking into the e-mail accounts of parties to the commercial transaction, SHAPIRO P.A. received fraudulent wire instructions for an account in the name of James H. Messenger, Jr., Esq., the legal counsel for a lender to the transaction, at a branch office of WELLS FARGO in Cedar Park, Texas.

10. The account number provided to SHAPIRO P.A. as part of the fraudulent scheme, which ended in 0445, was not in fact the account of (nor was it known to or controlled by) James H. Messenger Jr. Esq., who was the intended beneficiary.

11. In fact, the WELLS FARGO bank account had been opened in the name of "Chris Achebe," presumably as part and parcel of the fraudulent scheme.

12. At the time of receiving and wrongfully accepting the wire transfer from SHAPIRO P.A. and thereafter, WELLS FARGO knew that the name and account number on the wire instructions referred to different persons, and indeed that there was no point of similarity, resemblance or any connection whatsoever between "James Messenger, Jr.", the stated intended beneficiary, and "Chris Achebe."

13. WELLS FARGO received and improperly accepted $504,611.13 wired from SHAPIRO P.A. into the account of "Chris Achebe," notwithstanding the apparent discrepancy between the intended beneficiary and the actual account holder of the funds.

14. In accordance with normal banking practices, WELLS FARGO notified Achebe of the deposit of the funds at the latest by the close of business on November 22, 2017.

15. At this juncture, WELLS FARGO knew that the person it notified was not the proper and intended recipient of the funds sent from SHAPIRO P.A., WELLS FARGO took no action to restrict the account or take any other action to protect SHAPIRO P.A. or to comply with its obligations under federal regulations, including regulations relating to "know your customer", anti-money laundering, and the handling of suspicious transactions, although WELLS FARGO had actual knowledge of the certainty of error and the likelihood of fraud in the wire instructions from, SHAPIRO P.A.

16. WELLS FARGO knowingly allowed the person or persons controlling the Achebe account to complete and perpetuate the fraudulent scheme by allowing the funds received and accepted from SHAPIRO P.A. to be sent out of the country,

and in particular to a number of different recipients in Nigeria, through a series of different wire transactions between November 24 and November 27, 2017.

17. On or about December 14, 2107, SHAPIRO P.A. learned from Messenger's office that the wired funds had not been received, which eventually led SHAPIRO P.A. and Messenger to realize that the Messenger email account had been victimized by a fraudulent hacking scheme.

18. SHAPIRO P.A. immediately reported the matter to law enforcement, to Citibank, and to WELLS FARGO. When a representative of SHAPIRO P.A. talked to an authorized representative of WELLS FARGO, the latter instantly advised Plaintiff's representative, based on a review of WELLS FARGO's readily available records, that "uh-oh" the account name and beneficiary name on the wire instructions from SHAPIRO P.A. "do not match."

19. Because of the above, Plaintiff has suffered damages including the loss of the wired funds and other damages relating thereto, such as interest and harm due to the effect of the loss on the underlying business transaction.

20. SHAPIRO P.A. has made demand on WELLS FARGO for the return of the wired funds, but WELLS FARGO has failed to respond to the demand.

## COUNT 1

21. The allegations of paragraphs 1 through 20 are realleged.

22. WELLS FARGO breached its violation under UCC 4A-302(1)(a), as in effect in all states, including as Fla. Stat. § 670.302, to comply with the sender's instructions with regard to a fund transfer.

23. WELLS FARGO breached its duty as stated above by improperly relying on either the account holder's name or the account number in executing the sender's payment order, knowing that the name and number identified different

persons. UCC 4A-208(d), as in effect in all states, including as Fla. Stat. §670.208(d).

24. WELLS FARGO's breach of its duties as receiving bank caused damages to SHAPIRO P.A. as alleged herein in an amount exceeding $504,611.13.

WHEREFORE, SHAPIRO P.A. prays for compensatory damages, together with interest, costs, and any other appropriate relief.

## **COUNT 2**

25. The allegations of paragraphs 1 through 20 are realleged.

26. WELLS FARGO breached its common law duties to SHAPIRO P.A. and its federally-imposed regulatory obligations by its conduct after receipt of the wired funds.

27. These common law obligations are consistent with those imposed under the Uniform Commercial Code.

28. WELLS FARGO by its account agreement and by its common law rights had the ability to restrict the "Chris Achebe" account when irregular, unauthorized, or unlawful activities may be involved with the account. Language from a Wells Fargo agreement to just this effect was cited in *Blocker v. Wells Fargo Bank,* No. CV- 08-1196-PK, 2010 WL 6403721 (D. Ore. Nov. 23, 2010).

29. WELLS FARGO allowing "Achebe" to withdraw funds which it knew belonged to Attorney "Messenger", the intended beneficiary, was tantamount to intentional assistance to the knowing misappropriation of funds as part of a fraudulent scheme.

30. WELLS FARGO took no action to contact SHAPIRO P.A., nor its bank, nor to contact authorities with regard to the suspicious withdrawals.

31. WELLS FARGO departed from prudent and customary banking practices by its conduct in this case. These practices required, at a minimum, the

refusal to accept a wire transfer for a mismatched account and\or the freezing of the funds in the Achebe account.

32. Had WELLS FARGO acted in accordance with ordinary care and sound banking practices, the loss to SHAPIRO P.A. would not have occurred or significantly reduced.

33. WHEREFORE, SHAPIRO P.A. prays for compensatory damages, together with interest, costs, and any other appropriate relief.

## JURY DEMAND

SHAPIRO P.A. demands trial by jury on all issues so triable.

Respectfully submitted,

By: /s/ Jeffrey B. Crockett
    Jeffrey B. Crockett, Esq.
    Florida Bar No. 347401
    COFFEY BURLINGTON, P.L.
    2601 South Bayshore Drive,
    Penthouse One
    Miami, Florida  33133
    Telephone:  (305) 858-2900
    Facsimile:   (305) 858-5261
    jcrockett@coffeyburlington.com
    vmontejo@coffeyburlington.com
    service@coffeyburlington.com
    *Counsel for Plaintiff*