IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:18-CV-60250-UU

PETER E. SHAPIRO, P.A.,

Plaintiff,

vs.

WELLS FARGO BANK, N.A.,

Defendant.

_____________________________________/

**DEFENDANT WELLS FARGO BANK N.A.'S STATEMENT OF UNDISPUTED FACTS**

Defendant, Wells Fargo Bank, N.A. ("Wells Fargo"), by and through its undersigned counsel and pursuant to S.D. Fla. L.R. 56.1(a) hereby identifies the following undisputed material facts in support of its Motion for Summary Judgment.

1. The principal of Plaintiff is attorney Peter E. Shapiro ("Attorney Shapiro"). See Compl., ¶ 2; see Deposition of Peter E. Shapiro[1] ("Shapiro Depo."), p. 7, l. 7 – l. 8.

2. Plaintiff only had one employee during the relevant time period and that was Attorney Shapiro. Shapiro Depo., p. 7, l. 11 – l. 15.

3. The only person responsible for initiating or sending wire transfers for Plaintiff, during the relevant time period, was Attorney Shapiro. See Plaintiff's Interrogatory Answers, attached as Exhibit B, P. 7 ¶ 6; see Shapiro Depo., p. 17, l. 1 – l. 3; p. 21, l. 11 – l. 16.

4. The underlying transaction that precipitated the November 21, 2017 wire transfer (the "Wire Transfer") in this matter involved the sale of a car dealership, Leon Shapiro Motor Sales, located in upstate New York. Shapiro Depo., p. 28, l. 4 –l. 18. Attorney Shapiro's brother, Todd Shapiro, and their father, Sydney Shapiro, were the owners of the car dealership

[1] The deposition of Peter Shapiro is attached as Exhibit A.

that was being sold. Shapiro Depo. Shapiro Depo, p. 34, l. 9 – l. 18. Todd Shapiro also lives in the Syracuse, New York area. Todd Shapiro Deposition ("Todd Depo.)[2], p. 5, l. 11 – l. 20.

5. Attorney Messenger represented the beneficiary of a family trust that had provided a short term loan, through his trust, to the Shapiros' car dealership. See Deposition of James Messenger ("Messenger Depo.")[3], p. 12, l. 17, p. 13, 1.13. The trust beneficiary was a good friend of Todd Shapiro and also lived in the Syracuse, New York area. Todd Depo., p. 8, l. 3 – p. 9, l. 15.

6. Regarding the wire transfer at issue in this matter, Attorney Shapiro received a forwarded email on November 16, 2017 from Todd Shapiro which enclosed wire instructions from Attorney Messenger. See PS 00008-10, attached as Exhibit E; Shapiro Depo., p. 41, l. 22 - p. 43, l. 5; p. 47, l. 11 – l. 21.

7. The November 16, 2017 wire instructions ("November 16th Wire Instructions") identified Attorney Messenger's bank as M&T Bank, located in Syracuse, New York. See Exhibit E; Shapiro Depo., p. 42, l. 11 – l. 22. Attorney Messenger's office is also located in Syracuse, NY. See Exhibit E.

8. The next day, November 17, 2018, Attorney Shapiro received an email communication forwarded by his brother Todd Shapiro which enclosed a new email and a second set of forwarded wire instructions which were purportedly from Attorney Messenger. See PS 00020-22, attached as Exhibit F; Shapiro Depo., p. 49, l. 14 – p. 50, l. 6.

9. The November 17, 2017 email forwarded to Attorney Shapiro by Todd Shapiro included an email message purportedly from Attorney Messenger which stated:

---

[2] Excerpts of the deposition of Todd Shapiro are attached as Exhibit C.

[3] Excerpts of the deposition of James Messenger are attached as Exhibit D.

> Please here are my escrow account for today payoff wire transfer instructions. Our M&T bank is currently on audit as a result can't receive funds for now. Please let the wire transfer be made to this our Wells Fargo bank. Find attached our bank details.

See Exhibit F; Shapiro Depo., p. 51, l. 14 - l. 25.

10. The November 17, 2017 email included a second set of wire instructions wire instructions ("November 17th Wire Instructions") which differed in form and substance from the November 16th Wire Instructions. See Exhibit F. The November 17th Wire Instructions included different fonts, capitalization errors and a spelling error ("routing" was spelled as "routine"). See Exhibit F. The November 17th Wire Instructions also directed Todd Shapiro to wire funds to an account at a Wells Fargo branch located in Texas. See Exhibit F.

11. Despite receiving these two different sets of wire instructions within a 24 hour time period, Attorney Shapiro took no steps to confirm which wire instructions to utilize. Shapiro Depo., p. 53, l. 16 – l. 19.

12. Attorney Shapiro set up an online wire transfer with Citibank which was Plaintiff's bank. Shapiro Depo., p. 54, l. 14 – l. 17. The online wire transfer set up by Attorney Shapiro was based on the November 17th Wire Instructions, which had directed Todd Shapiro to wire funds to Attorney Messenger at a Wells Fargo branch in Texas. See PS 000074-76, attached as Exhibit G; Shapiro Depo., p. 56, l. 14 – p. 57, l. 20.

13. Attorney Shapiro authorized the wire transfer from Plaintiff's Citibank trust account to be sent pursuant to the instructions he entered into Citibank's online system. See Exhibit G; Shapiro Depo., p. 59, l. 4 – l. 17.

14. After the online wire transfer was set up, Todd Shapiro, on November 17, 2017 at 3:15 pm, forwarded an email to Attorney Messenger with a copy of the Wire Instruction Confirmation document generated by Citibank for Plaintiff. See Exhibit G. The Wire

Instruction Confirmation document showed the beneficiary bank for Attorney Messenger as Wells Fargo Bank. See Exhibit G.

15. Attorney Messenger, within 15 minutes of Todd Shapiro's November 17, 2017 3:15 p.m. email, sent an email to Todd Shapiro's email address and said: "Did they wire to the right bank? This receipt shows Wells Fargo bank under my name. My bank is M&T." See PS 000077, attached as Exhibit H; Shapiro Depo., p. 63, l. 15 – l. 24; Messenger Depo., p. 25, l. 10 – l. 20. Todd Shapiro claims he never received this email. Todd Depo., p. 30, l. 17 – l. 25.

16. Plaintiff's bank (Citibank) initiated the Wire Transfer on November 21, 2017, pursuant to the November 17th Wire Instructions forwarded to him from Todd Shapiro. See Compl., ¶ 8; see PS 00007, attached as Exhibit I; see also WELLS FARGO SHAPIRO 000001-000002, attached as Exhibit J; Shapiro Depo., p. 76, l. 3 – p. 77, l. 12.

17. The account number set forth in Plaintiff's Wire Transfer identified a Wells Fargo account that was owned by Chris Achebe. See Compl, ¶ 13. The account number identified by Plaintiff, in its Wire Transfer, identified a valid Wells Fargo account number. See Deposition of James Ansbro ("Ansbro Depo.")[4], p. 104, l. 19 – p. 105, l. 22.

18. The Wire Transfer was received at Wells Fargo via the Fedwire system. Ansbro Depo., p. 87, l. 25 – p. 88, l. 7.

19. Because Plaintiff identified a valid Wells Fargo account number in its Wire Transfer, Plaintiff's Wire Transfer was processed electronically through a fully automated system called the Money Transfer System ("MTS"). Ansbro Depo., p. 20, l. 4 – p. 21, l. 14; p. 110, l. 9 – l. 24.

---

[4] The deposition of James Ansbro is attached as Exhibit K.

20. MTS creates an audit trail that documents the wire transfer transaction including the various automated processing steps. Ansbro Depo., p. 96, l. 19 – p. 97, l. 8; see WELLS FARGO SHAPIRO 00508-512, attached as Exhibit L.

21. MTS interfaces electronically with Wells Fargo's HOGAN system to match the account number provided in the Wire Transfer instructions with a valid Wells Fargo customer. Ansbro Depo., p. 104, l. 19 – p. 105, l. 1.

22. In this situation, the HOGAN system retrieved a validated customer name and address that matched the account number set forth in Plaintiff's November 17th Wire Instructions and received by Wells Fargo. Ansbro Depo., p. 105, l. 15 – l. 22.

23. During the automated processing of the Wire Transfer through MTS, the audit trail included a "possible name mismatch in CDT party" memo. Ansbro Depo., p. 106, l. 20 –p. 107, l. 3.

24. MTS automatically searches for a valid account number in the wire instructions received by Wells Fargo and if the wire instructions identify a valid account number at Wells Fargo that is the account number that is credited. Ansbro Depo., p. 108, l. 20 – p. 109, l. 3.

25. If a valid Wells Fargo account number is set forth in the wire instructions, the wire is processed in a fully automated way and information like the "possible name mismatch" memo are reflected in the audit trail, but no Wells Fargo employee learns of the audit trail information during the transaction. Ansbro Depo., p. 110, l. 5 – l. 24.

26. The audit trail record for the Wire Transfer which included a "possible name mismatch" was not seen by anybody at Wells Fargo because there was no wire operator involved in the processing of the November 21, 2017 wire. Ansbro Depo., p. 108, l. 10 – l. 19.

27. The MTS audit trail records the automated processing of the Wire Transfer, but no one at Wells Fargo is aware of the information created in the audit trail, including the "possible name mismatch" memo. Ansbro Depo., p. 109, l. 4 – l. 16.

28. "Possible name mismatch" memos are common in wire transfers because "possible name mismatch" means that the name in the wire transfer instructions is not an exact match to the title of the account which could include: (1) a wire transfer that utilizes a person's nickname (*i.e.* Jim Ansbro instead of James Ansbro): (2) a wire transfer to a company utilizing its acronym when the title of the account is the full company name spelled out; (3) a wire transfer naming just the wife of a married couple where the account is a joint account and titled in both names of the married couple, etc. Ansbro Depo., p. 158, l. 21 - p. 160, l. 11.

29. As a result, the only way to avoid a "possible name mismatch" memo in the MTS wire transfer audit trail is for the wire sender to know exactly the way the account is titled. Ansbro Depo., p. 160, l. 12 – l. 19.

30. Wells Fargo's Office of Foreign Asset Control ("OFAC") sanction screening process scored the Wire Transfer for review by a sanction screener because of a possible name match between the partial word "ATTORN" in the November 17th Wire Instructions and "ATTOUN" a name on the sanction list. Ansbro Depo., p. 80, l. 1 – p. 81, l. 20; p. 125, l. 4 – l. 22.

31. The sanction screener involved in the OFAC review utilizes a different system than MTS which is called GSMOS. Ansbro Depo., p. 115, l. 10 – l. 24; p. 129, l. 2 – l. 8.

32. The GSMOS system only reviews the information set forth in the wire instructions received by Wells Fargo. Ansbro Depo., p. 129, l. 5 – p. 130, l. 5.

33. Since Plaintiff did not include Chris Achebe's name in its November 17th Wire Instruction, that name would not have been reviewed during the OFAC sanction screening for the Wire Transfer. Ansbro Depo., p. 78, l. 4 – l. 23.

34. Wells Fargo also undertakes an OFAC screening of its customers when they open an account and periodically thereafter. Ansbro Depo., p. 116, l. 19 – l. 25.

35. The OFAC screening for the November 21, 2017 wire transfer was quickly cleared as a false positive due to the obvious typo in the word "attorney". Ansbro Depo., p. 81, l. 15 – p. 82, l. 4; p. 130, l. 6 – l. 25.

36. Wells Fargo received a recall request regarding the Wire Transfer from Plaintiff's bank, Citibank, on December 14, 2017. Ansbro Depo., p. 148, l. 19 –p. 140, l. 21; see WELLS FARGO SHAPIRO 000003-000004, attached as Exhibit M; see Compl., ¶ 17.

37. Wells Fargo declined the recall request from Citibank because the money that had been wired on November 21, 2017 by Plaintiff had already been removed from the account identified in Plaintiff's November 17th Wire Instructions. Ansbro Depo., p. 150, l. 18 – l. 25.

FOX ROTHSCHILD LLP
777 South Flagler Dr.
Suite 1700 – West Tower
West Palm Beach, Florida 33401
Telephone: (561) 804-4417
Facsimile: (561) 835-9602

By: */s/Dori K. Stibolt*
Amy S. Rubin
Florida Bar No. 476048
arubin@foxrothschild.com
Dori K. Stibolt
Florida Bar No. 183611
dstibolt@foxrothschild.com

*Counsel for Defendant Wells Fargo Bank, N.A.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 4th, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Dori K. Stibolt*

# SERVICE LIST

*United States District Court*
*Southern District of Florida*
*Case No. 0:18-cv-60250 UU*

Jeffrey B. Crockett
Coffey Burlington, P.A.
2601 South Bayshore Drive
Penthouse One
Miami, FL 33133
305/858-2900
305/858-5261 Fax
jcrockett@coffeyburlington.com
vmontejo@coffeyburlington.com
service@coffeyburlington.com

Counsel for Plaintiff

Amy S. Rubin
Dori K. Stibolt
Fox Rothschild LLP
777 South Flagler Drive
Suite 1700 - West Tower
West Palm Beach, FL 33401
561/835-9600
561/835-9602 Fax
arubin@foxrothschild.com
dstibolt@foxrothschild.com

Counsel for Defendant