UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 0:18-CV-60250-UU

PETER E. SHAPIRO, P.A.

Plaintiff,

vs.

WELLS FARGO BANK, N.A.

Defendant.

_________________________________/

**PLAINTIFF PETER E. SHAPIRO, P.A.'S RESPONSE TO DEFENDANT WELLS FARGO BANK, N.A.'S FIRST SET OF INTERROGATORIES (NOS. 1-7)**

Plaintiff, PETER E. SHAPIRO, P.A. ("Shapiro, P.A."), by and through undersigned counsel, and pursuant to Rule 26 and Rule 33 of the Federal Rules of Civil Procedure, hereby responds to Defendant WELLS FARGO BANK, N.A.'s ("Wells Fargo") First Set of Interrogatories, served June 8, 2018, as follows:

## GENERAL OBJECTIONS

1. The following general objections are incorporated in each specific Response below as if fully repeated in each Response and are intended, and shall be deemed to be in addition to any specific objection included therein, whether or not expressly incorporated in each individual response. The failure to mention one of



EXHIBIT B

the following General Objections in any of the specific Responses below shall not be deemed to limit or to waive any such objection.

2. Plaintiff objects to the Interrogatories to the extent they seek to impose obligations beyond those set forth in the Federal Rules of Civil Procedure.

3. Plaintiff objects to the Interrogatories to the extent they seek privileged information or documents, including, but not limited to, information and documents protected by the attorney-client privilege, the work product doctrine, the self-evaluation or the self-critical analysis privilege, and any other applicable privilege, rule of privacy or confidentiality, immunity, protection, or restriction that makes such information otherwise non-discoverable. The production, inadvertently or otherwise, of any document or information subject to such privilege, protection or doctrine will not constitute or be deemed to constitute a waiver of any privilege or other immunity from production.

4. Plaintiff responds to the Interrogatories based on information available as of the date hereof and reserves the right to supplement his objections or responses to any of the Interrogatories pursuant to all appropriate rules, laws, statutes and regulations. Plaintiff further objects because it has not yet obtained full discovery in this matter, and anticipates discovering facts and information that are in the possession of Defendants or available from other sources after obtaining sufficient threshold information from Defendants.



COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900 F. 305·858·5261

5. Plaintiff objects to the Interrogatories to the extent they seek "all" information concerning certain subjects and to the extent they seek redundant or duplicative information.

6. As discovery in this action is ongoing, Plaintiff reserves the right to amend and the right to supplement its responses to the Interrogatories.

7. In these responses, whenever Plaintiff employs the phrase "subject to and without waiving its objections," it is responding to the particular Interrogatory as it may be narrowed by the general and specific objections and without waiver thereof.

8. Plaintiff objects to the Interrogatories to the extent they seek redundant or duplicative information.

9. Plaintiff's responses to the Interrogatories are made without in any way waiving or intending to waive, but rather, to the contrary, preserving and intending to preserve the right to raise all questions as to competence, relevance, materiality, privilege and admissibility as evidence for any purpose.

10. The responses herein reflect Plaintiff's best present knowledge based upon its review and investigation to date. This review and investigation are continuing, and Plaintiff reserves the right to amend and supplement these responses as further review, investigation, and the discovery of additional information may warrant. Plaintiff will supplement its responses, however, only to the extent required

by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for this District.

## SPECIFIC RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 1:**

Please identify each and every person that You believe has information which supports the claims set forth in the Complaint and, for each, please state the subject matter of that person's knowledge.

**RESPONSE:**

1. Peter Shapiro is knowledgeable about the wire transfer at issue, the email victimization, communications with Wells Fargo, and communications with Citibank.

2. James Messenger, Jr. Esq. is knowledgeable about the intended wire transfer, and the email victimization.

3. Shapiro P.A. is knowledgeable about the wire transfer at issue, the email victimization, communications with Wells Fargo, and communications with Citibank.

4. A Citibank Representative, was notified that the funds had not been received by Messenger. Peter Shapiro received this information by contacting the Citibank Wire Fraud Unit at 888-606-9716. This unit, to my knowledge, is located in San Antonio and is made up of 12 people. Peter Shapiro made several calls beginning on December 14, 2017 with different people who provided first names only. "Derek" was most helpful and after speaking numerous times, should recall the transaction. Derek acknowledged he had never seen a problem of this size, typical problems arose only in the amounts of $10,000-$20,000 range.

5. A Wells Fargo, N.A. Representative is knowledgeable about the wire transfer at issue. Peter Shapiro called Wells at 800-745-2426 (the ACH Unit) and was transferred to a wire transfer person. The call was on either December 14, 2018, December 15, 2018 or December 18, 2017. It was on this call that the Wells Fargo representative said "uh-oh, we got a problem."

**INTERROGATORY NO. 2:**

Please identify each and every statement made by Wells Fargo, or any of its agents, which concerns, refers to, or relates to the allegations contained in Your Complaint in this matter. For each statement, please identify the date the statement was made, the person or persons who made the statement, the specific nature of the statement, and to whom the statement was made.

**RESPONSE:** On or about December 14, 2017, after becoming aware that the wired funds were not received, Peter Shapiro immediately notified Wells Fargo of the issue, and Wells Fargo advised me, that based on a review of Wells Fargo's records, that "uh-oh" the account name and beneficiary name on the wire instructions from Shapiro P.A. "do not match."

**INTERROGATORY NO. 3:**

Please identify each and every non-privileged statement made by You or Your agents, concerning, referring to, or relating to the allegations contained in Your Complaint in this matter. For each statement, please identify the date the statement was made, the person or persons who made the statement, the specific nature of the statement, to whom the statement was made, and the name, last known residence address, and last known home telephone number of any witnesses to the statement.

**RESPONSE:**

1. Citibank. Peter Shapiro made the following calls to Citibank and was informed as follows:

   a. On December 14, 2017, Peter Shapiro called Citibank Wire Fraud unit at 888-606-9716 to request a recall of the wire. Peter Shapiro was assigned Citi Case # CIT171214-010004. Citibank suggested that Peter Shapiro file a police report. He thereafter filed a complaint with the FBI.

   b. On December 19, 2017, Peter Shapiro again contacted the fraud unit. Citibank notified him that Wells Fargo responded to the recall request for a return of funds on December 15, 2017 by stating that it was investigating the matter. Citibank informed him that it sent a message to Wells Fargo on December 18, 2018 with "fraud recall."

   c. On December 22, 2017, Peter Shapiro again contacted Citibank, and he had been informed that no significant changes had been made.

d. On January 2, 2018, Peter Shapiro contacted the fraud unit and he was informed that Citibank got no response from Wells Fargo since December 26, 2018. He asked that Citibank keep the case open.

e. On January 6, 2018, Peter Shapiro contacted the fraud unit which informed him that based on Wells Fargo's failure to answer since December 26, 2017, that the "Case [was] closed by Citibank." After speaking with a man named "Derek," Peter Shapiro was informed that although the case was closed, the fraud investigation would continue and Derek mentioned that a man named "Gilbert" would be working on the fraud case.

f. Again, on January 6, 2018, Peter Shapiro made another call to the fraud unit and spoke to Derek who indicated that Wells Fargo advised that the funds are gone or not available for recovery. Therefore, Derek advised that the recall request was denied by Wells Fargo.

**2.** Wells Fargo

Peter Shapiro called Wells Fargo at 800-745-2426 (the ACH unit) and was transferred to a wire transfer person. The call was on either December 14, 2018, December 15, 2018 or December 18, 2018. It was on this call that the Wells Fargo representative said "uh-oh, we got a problem."

**3.** James Messenger, Jr. Esq.

Peter Shapiro spoke with James Messenger on December 14, 2017 who informed Peter Shapiro that he never received the required payoff funds sent from Shapiro P.A. James and Peter Shapiro exchanged copies of numerous emails and it became clear to us that James's email had been compromised. Peter Shapiro ended the call by informing him that he would be contacting the FBI.

**INTERROGATORY NO. 4:**

Please identify each and every communication between You or Your agents and Wells Fargo or anyone on its behalf, from the year 2017 through the present, concerning, referring to, or relating to the allegations contained in Your Complaint.

**RESPONSE:** Other than the communications outlined in the Response to Interrogatory #3, please see the attached demand letter (Ex. A) sent to Wells Fargo on January 5, 2018. Neither Coffey Burlington, nor Shapiro, P.A. received a letter

in response to the January 5, 2018 letter.

**INTERROGATORY NO. 5:**

Please Identify the Wells Fargo representative referenced in paragraph 18 of the Complaint.

**RESPONSE:** The party referred to in Paragraph 10's name is unknown, however, that is the person referenced as the "Wells Fargo, N.A. Representative" in the above response to Interrogatory #1.

**INTERROGATORY NO. 6:**

Please identify each and every person responsible for sending wire transactions of other electronic funds transfers at Shapiro from January 1, 2015 to present. (Include the full name, title, current address and telephone number and a brief description of the duties performed by each such person.)

**RESPONSE:** Peter Shapiro

**INTERROGATORY NO. 7:**

Please state each element of damages sought by You against Wells Fargo in this action, the specific amount of each such element of damages, and identify all documents which support the claimed damages.

**RESPONSE:** Shapiro, P.A. seeks recovery for the $504,611.03 wire sent on November 21, 2017 from its Citibank account, and in support of those damages identifies all documents produced in this action related to the wire transfer.

Respectfully submitted,

By: /s/ Jeffrey B. Crockett
Jeffrey B. Crockett, Esq.
Florida Bar No. 347401
COFFEY BURLINGTON, P.L.
2601 South Bayshore Drive,
Penthouse One

Miami, Florida 33133
Telephone: (305) 858-2900
Facsimile: (305) 858-5261
jcrockett@coffeyburlington.com
vmontejo@coffeyburlington.com
service@coffeyburlington.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing document was served by Electronic Mail, this 3rd day of August, 2018, on all counsel or parties of record on the Service List below.

s/Jeffrey B. Crockett

**SERVICE LIST**

Amy S. Rubin
Dori K. Stibolt
FOX ROTHSCHILD LLP
777 South Flagler Dr.
Suite 1700 – West Tower
West Palm Beach, Florida 33401
Telephone: (561) 804-4417
Facsimile: (561) 835-9602
Email: arubin@foxrothschild.com
dstibolt@foxrothschild.com
bhutson@foxrothschild.com

*Counsel for Defendant, Wells Fargo Bank, N.A.*

# VERIFICATION

Peter E. Shapiro, P.A.

By: ______________________________

STATE OF FLORIDA
COUNTY OF BROWARD

Sworn to (or affirmed) and subscribed before me this 3rd day of August, 2018, by PETER E. SHAPIRO, as ______________________, who is Personally Known OR who has Produced Identification (Type of Identification Produced).

______________________________
(Signature of Notary Public - State of Florida)

KAREN T. M. GAUNTLETT
(Print, Type, or Stamp Commissioned Name of Notary Public)
My Commission Expires:

NOTARY PUBLIC STATE OF FLORIDA
Notary Public State of Florida
Karen T M Gauntlett
My Commission FF 937981
Expires 05/23/2019