UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 0:18-CV-60250-UU

PETER E. SHAPIRO, P.A.

Plaintiff,

vs.

WELLS FARGO BANK, N.A.

Defendant.

_________________________________/

**PLAINTIFF'S MOTION TO ALLOW EXPERT DISCLOSURE**

Plaintiff, PETER E. SHAPIRO P.A., by its undersigned counsel, pursuant to Rule 26(a)(2) and the local rules of this Court, hereby moves to allow the expert disclosure of Marie Kerr, attached herewith, although it would require a two- or three- week extension of that portion of the Court's Scheduling Order in this case cutting off discovery as of September 21, 2018. NO other change in the Scheduling Order would be required.

A copy of the Kerr report is attached hereto as Exhibit 1. This Report is dated and signed October 4, 2018. It could not have been prepared significantly earlier due to the Defendant's failure to provide discovery until after a Court order compelling same, **less than one month before the discovery cutoff.**

The pertinent dates are set forth below:

**April 2, 2018 (DE 24-2)** Plaintiff serves its Request for Production seeking documents relating to the wire transfer at issue in this case, and Wells Fargo's governing policies and procedures.

**April 19, 2018 (DE 17)** Court enters its Scheduling Order with a discovery cutoff of September 21, 2018. Experts were to be disclosed and deposed by this date as well.

**May 16, 2018 (DE 24-1**, and Exhibit 2 hereto)[1] was the date of Wells Fargo's response, which objected to the production of any documents on the specious ground of the Florida constitutional privacy rights of the fraudster Chris Achebe, a Nigerian living in Texas. Wells Fargo also objected to the production of its policies with respect to wire transfers, and did not so produce.

**June 15, 2018 (DE 24).** After the completion of meet-and-confer requirements, which process was fruitless, Plaintiff moved to compel seeking the basic documents relevant to the issues in this case.

**July 19, 2018 (DE 29).** A hearing was set on the Motion to Compel before Hon. Patrick Hunt.

[1] Exhibit 24-1 was missing the signature page of Wells Fargo's response, which is included in Exhibit 2 hereto.

**July 23, 2018 (DE 32).** Judge Hunt overruled Wells Fargo's privacy and other objections and ordered the production of documents relating to the relevant wire transfer and Wells Fargo's policies.

**August 22, 2018 (DE 34).** Not having received any of the ordered documents, Plaintiff moved to compel compliance with the Court's order compelling production. Wells Fargo did produce documents at this time (indeed the same day as the motion, see DE 38[2]) and produced additional documents in response to a second request for production timely a week or so later. These documents were provided to Ms. Kerr who had already been retained for her review in preparation of a report.

**September 5, 2018 (See Exhibit 3)** On the first date in which its corporate representative was made available (in North Carolina), Plaintiff deposed Wells Fargo's corporate representative with regard to the documents produced, which covered the issues in the case. A copy of the Notice is attached hereto.

**September 19, 2018 (See Exhibit 4)** Deposition of Wells Fargo's corporate representative received and provided to Ms. Kerr, who had already been retained. As her report indicates, her opinions were based on this testimony from Wells Fargo (as well as the recently produced documents).

---

[2] While not material to this motion the first email production by Wells Fargo "bounced back" due to its size, delaying receipt by counsel for a brief period of time.



COFFEY | BURLINGTON

2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900 F. 305·858·5261

**October 4, 2018—**Completion and service of a report by Ms. Kerr to Wells Fargo.

As the facts clearly indicate, the reason why Ms. Kerr's work was not done before is solely the fact that Wells Fargo produced the documents that were relevant to the case, **which were requested in April 2018,** in **late August 2018.** In effect, Wells Fargo reduced the discovery period in this case from six months to one month and now wishes to profit from their baseless obstruction of discovery by precluding the Plaintiff from calling a banking expert to address the issues in the case.

**Governing Legal Standards**

First, a showing of "good cause" is needed for the amendment since the scheduling deadlines have passed. *Southern Grouts & Mortars Inc v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009); *DeVarona v. Discount Auto Parts LLC,* 285 F.R.D. 671, 672-73 (S.D. Fla. 2012). That standard is met by the facts above. Even Wells Fargo admitted in its previous briefing with respect to the Motion for Leave to Amend, which was denied by the Court, that Plaintiff had been diligent in prosecuting this case.

Second, the pertinent law requires that late disclosure is permitted if it is "substantially justified or harmless." *OFS Fitel LLC v. Epstein Becker & Green, P.C.*, 549 F.3d 1344, 1363 (11th Cir. 2008). The delay is brief and plainly justified by the facts. Further, the delay is harmless and non-prejudicial. Wells Fargo, which



COFFEY | BURLINGTON
2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900 F. 305·858·5261

defends dozens of these cases across the country with a litigation budget likely in the millions, can hardly complain of surprise as to the issues or prejudice. Ms. Kerr is available for deposition at any time, including during the week of October 22, 2018.

The undersigned have shared a draft of Kerr's expert report with Wells Fargo attempting to confer and Wells Fargo is aware of the instant motion. Wells Fargo has indicated that it will object to the report as untimely and oppose this Motion.

WHEREFORE, based on the facts and circumstances alleged herein, Plaintiff requests leave to file the Expert Disclosure.

Respectfully submitted,

By: /s/ Jeffrey B. Crockett

Jeffrey B. Crockett, Esq.
Florida Bar No. 347401
Justin E. King
Florida Bar No. 121408
COFFEY BURLINGTON, P.L.
2601 South Bayshore Drive, Penthouse
Miami, Florida 33133
Telephone: (305) 858-2900
Facsimile: (305) 858-5261
jcrockett@coffeyburlington.com
jking@coffeyburlington.com
montejo@coffeyburlington.com
service@coffeyburlington.com

*Counsel for Plaintiff, Peter E. Shapiro, P.A.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 5, 2018, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the Service List below via transmission of Notice of Electronic Filing generated by CM/ECF.

s/Jeffrey B. Crockett

| SERVICE LIST | |
|---|---|
| Amy S. Rubin<br>Dori K. Stibolt<br>FOX ROTHSCHILD LLP<br>777 South Flagler Dr.<br>Suite 1700 – West Tower<br>West Palm Beach, Florida 33401<br>Telephone: (561) 804-4417<br>Facsimile: (561) 835-9602<br>arubin@foxrothschild.com<br>dstibolt@foxrothschild.com<br>bhutson@foxrothschild.com<br>*Counsel for Wells Fargo Bank, N.A.* | |