# EXHIBIT 2

## DE 24-1

## Wells Fargo's Response to Plaintiff's First Request for Production of Documents

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 0:18-CV-60250-UU

PETER E. SHAPIRO, P.A.

Plaintiff,

vs.

WELLS FARGO BANK, N.A.

Defendant.

_________________________________/

**DEFENDANT WELLS FARGO'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant, Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo"), by and through its undersigned counsel and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure responds to Plaintiff Peter E. Shaprio, P.A.'s ("Plaintiff" or "Shapiro") First Request to Produce ("Request") as follows:

**GENERAL RESPONSES AND OBJECTIONS**

1. Defendant objects to the Request to the extent it seeks privileged information or documents (including, without limitation, information that was developed for or in anticipation of litigation or which constitutes or reflects attorney work-product or confidential attorney-client communications) or information that is otherwise not subject to discovery. Defendant will not disclose such information or documents.

2. Inadvertent production of any document shall not constitute a waiver of any privilege or any other ground for objecting to discovery with respect to such document or any other document, or with respect to the subject matter thereof or the information contained therein; nor shall each inadvertent production waive Defendant's right to demand that such

documents be returned or to object to the use of the document or the information contained therein during this or any other proceeding.

3. Defendant has undertaken to review each document produced for applicable privileges, and hereby expressly reserves the right to conduct pre- and/or post-production privilege reviews of all documents or other material provided to Plaintiff. It is the express intent of Defendant that privileged material is not produced and the production of any privileged material is, therefore, inadvertent. Defendant has taken all, and will continue to take, reasonable precautions to prevent the disclosure of privileged material, and hereby instructs Plaintiff that all applicable privileges are asserted, and demand is hereby made for the immediate return of any inadvertently disclosed privileged material.

4. Defendant objects to the Request to the extent the Request purports to require the disclosure of information which is not within Defendant's possession, custody, or control. To the extent Defendant does not object to a particular Request, Defendant will produce only those documents in its possession, custody, or control on a mutually convenient date and time.

5. Defendant objects to the Request to the extent the Request seeks discovery on any issue outside the scope of the remaining factual/legal questions highlighted in the Court's April 3, 2018 Order on Defendant's Motion to Dismiss?

6. Defendant reserves the right, at any time, to revise, correct, modify, supplement or clarify any of the responses herein.

## DOCUMENTS TO BE PRODUCED

1. All documents relating to the wire transfer.

**RESPONSE:**

Wells Fargo objects to this Request to the extent it seeks information and documents protected by the attorney-client privilege and/or the work product doctrine. Wells Fargo objects to the Request, as it seeks disclosure of records and/or information that Wells Fargo is required to keep confidential, pursuant to the right to privacy recognized by the Florida Constitution and Florida statutory and common law. See, Art I, § 23, Fla. Const.; § 655.059, Fla. Stat. [1]; Winfield v. Division of Pari-Mutuel Wagering, Dept. of Business Regulation, 477 So. 2d 544, 548 (Fla. 1985); Banc of America Investment Services, Inc. v. Barnett, 997 So. 2d 1154, 1157 (Fla. 3d DCA 2008). The right to privacy applies to the financial records of any banking customer and also the third parties with whom the customer may have transacted.

The wire transfer report and details related to the wire transfer at issue have been produced or will be produced.

2. All communications relating to the wire transfer including all internal communications within Wells Fargo; all communications with Citibank, or Plaintiff, relating to the wire transfer.

**RESPONSE:**

Wells Fargo objects to this Request to the extent it seeks information and documents protected by the attorney-client privilege and/or the work product doctrine. Wells Fargo objects to the Request, as it seeks disclosure of records and/or information that Wells Fargo is required

---

[1] Plaintiff has asserted a Florida statutory claim and has claimed that Florida law governs this matter, if Texas laws governs the non-party account records at issue and if those records are relevant to this action, to the extent non-party customer records are produced, Plaintiff must comply with the requirements of the Texas Finance Code.

to keep confidential, pursuant to the right to privacy recognized by the Florida Constitution and Florida statutory and common law. See, Art I, § 23, Fla. Const.; § 655.059, Fla. Stat.; Winfield v. Division of Pari-Mutuel Wagering, Dept. of Business Regulation, 477 So. 2d 544, 548 (Fla. 1985); Banc of America Investment Services, Inc. v. Barnett, 997 So. 2d 1154, 1157 (Fla. 3d DCA 2008). The right to privacy applies to the financial records of any banking customer and also the third parties with whom the customer may have transacted.

Wells Fargo has no record of communication with Plaintiff regarding the wire transfer at issue.

Wells Fargo will produce the wire recall message received from Citibank on December 14, 2017. Wells Fargo does not have any record of further communication with Citibank regarding the wire transfer at issue.

3. All reports or other communications, including suspicious activity reports, to any state or federal agency relating to the wire transfer or the Achebe account.

**RESPONSE:**

Wells Fargo objects to this Request to the extent it seeks information and documents protected by the attorney-client privilege and/or the work product doctrine. Wells Fargo objects to this Request, as it seeks disclosure of records and/or information that Wells Fargo is required to keep confidential, pursuant to the right to privacy recognized by the Florida Constitution and Florida statutory and common law. See, Art I, § 23, Fla. Const.; § 655.059, Fla. Stat.; Winfield v. Division of Pari-Mutuel Wagering, Dept. of Business Regulation, 477 So. 2d 544, 548 (Fla. 1985); Banc of America Investment Services, Inc. v. Barnett, 997 So. 2d 1154, 1157 (Fla. 3d DCA 2008). The right to privacy applies to the financial records of any banking customer and also the third parties with whom the customer may have transacted.

Wells Fargo objects and declines to respond to this request as seeking disclosure of information relating to statutory and regulatory requirements for detecting and reporting potentially suspicious transaction activity as described in 31 U.S.C. section 5318, pursuant to 12 C.F.R. section 21.11, 31 C.F.R. section 103.18, 31 U.S.C. section 5318(g)(2)(A)(i) and applicable regulatory guidance.

4. All documents or communications relating to the Achebe account, including documents with respect to its ownership and control, all terms applicable to the account by contract with Wells Fargo, all account statements for the Achebe account, any notification of the deposit of any wire transfers into the account, any documents relating to the transfer of any funds out of the Achebe account, any information relating to the residence, nationality and purpose of the Achebe account, and any documents relating to the use of the Achebe account for fraudulent, improper or suspicious purposes, and any documents relating to the opening and closing of the Achebe account.

**RESPONSE:**

Wells Fargo objects to this Request, as it seeks disclosure of records and/or information that Wells Fargo is required to keep confidential, pursuant to the right to privacy recognized by the Florida Constitution and Florida statutory and common law. See, Art I, § 23, Fla. Const.; § 655.059, Fla. Stat.; Winfield v. Division of Pari-Mutuel Wagering, Dept. of Business Regulation, 477 So. 2d 544, 548 (Fla. 1985); Banc of America Investment Services, Inc. v. Barnett, 997 So. 2d 1154, 1157 (Fla. 3d DCA 2008). The right to privacy applies to the financial records of any banking customer and also the third parties with whom the customer may have transacted.

Moreover, the vast majority of the non-party account records Plaintiff has requested are not relevant to the remaining statutory claim in this matter in that Plaintiff seeks non-party bank records above and beyond the wire transfer initiated by Plaintiff and further seeks non-party bank

records beyond the disposition of the wire transfer monies at issue. Furthermore, the non-party account records Plaintiff seeks are overbroad in that the vast majority of the non-party account records Plaintiff seeks are non-party bank records above and beyond the wire transfer initiated by Plaintiff and further Plaintiff seeks non-party bank records beyond the disposition of the wire transfer monies at issue and therefore such documents are irrelevant and immaterial to the claim and defenses made in this action and/or not pertinent to the allegations in this case. To the extent this Court directs Wells Fargo to produce non-party account records, those records should be limited to the wire transfer at issue.

Wells Fargo objects and declines to respond to this request as seeking disclosure of information relating to statutory and regulatory requirements for detecting and reporting potentially suspicious transaction activity as described in 31 U.S.C. section 5318, pursuant to 12 C.F.R. section 21.11, 31 C.F.R. section 103.18, 31 U.S.C. section 5318(g)(2)(A)(i) and applicable regulatory guidance.

Wells Fargo will produce the deposit agreement applicable to the Achebe account.

5. All documents relating to communications between Wells Fargo and the owner or any authorized signatory or customer on the Achebe account.

**RESPONSE:**

Wells Fargo objects to this Request to the extent it seeks information and documents protected by the attorney-client privilege and/or the work product doctrine. Wells Fargo objects to this Request, as it seeks disclosure of records and/or information that Wells Fargo is required to keep confidential, pursuant to the right to privacy recognized by the Florida Constitution and Florida statutory and common law. See, Art I, § 23, Fla. Const.; § 655.059, Fla. Stat.; Winfield v. Division of Pari-Mutuel Wagering, Dept. of Business Regulation, 477 So. 2d 544, 548 (Fla. 1985); Banc of America Investment Services, Inc. v. Barnett, 997 So. 2d 1154, 1157 (Fla. 3d

Case 0:18-cv-60250-UU Document 24-2 Entered on FLSD Docket 06/05/2018 Page 8 of 12

DCA 2008). The right to privacy applies to the financial records of any banking customer and also the third parties with whom the customer may have transacted.

Moreover, the vast majority of the non-party account records Plaintiff seeks are not relevant to the remaining statutory claim in this matter in that Plaintiff has requested non-party bank records above and beyond the wire transfer initiated by Plaintiff and further seeks non-party bank records beyond the disposition of the wire transfer monies at issue. Furthermore, the non-party account records Plaintiff seeks are overbroad in that the vast majority of the non-party account records Plaintiff seeks are non-party bank records above and beyond the wire transfer initiated by Plaintiff and Plaintiff further seeks non-party bank records beyond the disposition of the wire transfer monies at issue and therefore such documents are irrelevant and immaterial to the claim and defenses made in this action and/or not pertinent to the allegations in this case. To the extent this Court directs Wells Fargo to produce non-party account records, those records should be limited to the wire transfer at issue.

6. All documents relating to communications with Plaintiff.

**RESPONSE:**

Wells Fargo objects to this Request because it seeks records that are not relevant to the remaining statutory claim in this matter in that Plaintiff has requested all documents relating to communications with the Plaintiff. Plaintiff is not a customer of Wells Fargo and does not own accounts at Wells Fargo so it appears that Plaintiff is seeking communications from Wells Fargo which include documents such as marketing materials and similar general communications. Furthermore, the documents which Plaintiff seeks are overbroad in that general communications sent out by Wells Fargo have no relevancy to the remaining claim and defenses made in this action and/or not pertinent to the allegations in this case.

Wells Fargo has no record of communications with Plaintiff relating to the wire transfer at issue.

To the extent the wire transfer report and details related to the wire transfer at issue are considered communications by Plaintiff they have been produced or will be produced.

7. All documents relating to Wells Fargo's policies, procedures, rules, or guidelines concerning wire transfers, as in effect in 2016, 2017 or 2018.

**RESPONSE:**

Wells Fargo objects to this Request because it seeks production of Wells Fargo's proprietary and confidential business records, which Wells Fargo should not be required to produce, if at all, absent the execution of a mutually acceptable Confidentiality Agreement or entry of an appropriate Confidentiality Order.

Moreover, Wells Fargo's policies and procedures from 2016 and 2018 are not relevant to this matter since the wire transfer at issue took place in 2017. Furthermore, the policies and procedures from 2016 and 2018 are overbroad in that the wire transfer at issue took place in 2017 and therefore such documents are irrelevant and immaterial to the claim and defenses made in this action and/or not pertinent to the allegations in this case.

8. All documents in which Wells Fargo advises users of its wire transfer facilities with respect to the identification of the name and address of the beneficiary on wire transfers coming to Wells Fargo (one example being filed in this action at DE 10-1).

**RESPONSE:**

Wells Fargo objects to this Request as vague and ambiguous because it is not clear what "wire transfer facilities" means nor is the term defined.

Wells Fargo further objects to this Request since Plaintiff was not a customer of Wells Fargo and there is no allegation in the Complaint that Plaintiff's representative read any

"advisements" from Wells Fargo prior in time to instituting the wire transfer at issue, accordingly these records are not relevant to the remaining statutory claim in this matter.

Wells Fargo will produce public facing documents that discuss wire transfer procedures, warnings and guidance for its customers.

9. All documents in which Wells Fargo addresses its use or failure to use beneficiary information in the handling of incoming wire transfers.

**RESPONSE:**

See Wells Fargo's response to Request number 8.

10. All documents relating to account agreements and policies of Wells Fargo with respect to the freezing or suspension of funds in bank accounts of its customers due to fraudulent or suspicious or irregular activities in their accounts which were applicable or potentially applicable to the Achebe account.

**RESPONSE:**

Wells Fargo objects to this Request because it seeks production of Wells Fargo's proprietary and confidential business records, which Wells Fargo should not be required to produce, if at all, absent the execution of a mutually acceptable Confidentiality Agreement or entry of an appropriate Confidentiality Order. Moreover, Wells Fargo objects to this request as overbroad and unduly burdensome because it seeks documents which are irrelevant and immaterial to the claim and defenses made in this action and/or not pertinent to the allegations in this case. See e.g. James v. Heritage Valley Fed. Credit Union, 197 Fed Appx. 102, 106 (3rd Cir. 2006) (The BSA/AML does not authorize a private cause of action against a financial institution or its employees.); Hanninen v. Fedoravitch, 583 F. Supp. 2d 322, 326 (D. Conn 2008) (neither Patriot Act, nor BSA/AML, creates private cause of action); Armstrong v. American Pallet Leasing, Inc., 678 F.Supp.2d 827, 875 (N.D. Iowa 2009) (BSA/AML does not

permit a private right of action); Aikens v. Interglobal Mergers and Acquisitions, 2006 WL 1878323 at *2 (S.D.N.Y. 2006) (Neither the BSA/AML, nor the Patriot Act, affords a private right of action); Martinez Colon v. Santander National Bank, 4 F. Supp. 2d 53, 58 (D.P.R. 1998) (The BSA/AML provides for civil and criminal penalties, but a defendant's only liability is to the government). Furthermore, disclosure of Wells Fargo's policies and procedures poses an inherent risk that persons may seek to use knowledge of such policies and procedures for illicit purposes. Wells Fargo additionally objects to production of its internal policies and procedures because such policies and procedures are solely for Wells Fargo's benefit and do not create a standard of care or duty or give rise to a cause of action in favor of customers or others.

Wells Fargo will produce the account agreement which governed the Achebe account at issue in this matter.

11. All documents addressing the logistical handling of wire transfers at Wells Fargo, applicable to either the wire transfer or wire transfer similar to the wire transfer, such as flow charts, presentations or diagrams.

**RESPONSE:**

See Wells Fargo's response to Request number 7.

12. All documents in which Wells Fargo advised the Plaintiff or the public that it does not consider the name of the beneficiary in its processing of incoming wire transfers, or does not concern itself with whether the name and account number listed on wire instructions refer to the same or different persons.

**RESPONSE:**

See Wells Fargo's response to Request number 8.

13. All documents relating to Wells Fargo's policies, procedures, rules or guidelines concerning the notification of the arrival of incoming wire transfers to its accounts as in effect in 2016, 2017, or 2018.

**RESPONSE:**

See Wells Fargo's response to Request number 7.

14. All documents relating to Wells Fargo's policies, procedures, rules, or guidelines with respect to the freezing or suspension of accounts for fraudulent, suspicious or irregular activities, including declinations to send outgoing wire transfers to foreign countries to avoid the completion of fraud, as in effect in 2016, 2017 or 2018.

**RESPONSE:**

Wells Fargo objects to this Request because it seeks production of Wells Fargo's proprietary and confidential business records, which Wells Fargo should not be required to produce, if at all, absent the execution of a mutually acceptable Confidentiality Agreement or entry of an appropriate Confidentiality Order. Moreover, Wells Fargo objects to this request as overbroad and unduly burdensome because it seeks documents which are irrelevant and immaterial to the claim and defenses made in this action and/or not pertinent to the allegations in this case. See e.g. James v. Heritage Valley Fed. Credit Union, 197 Fed Appx. 102, 106 (3rd Cir. 2006) (The BSA/AML does not authorize a private cause of action against a financial institution or its employees.); Hanninen v. Fedoravitch, 583 F. Supp. 2d 322, 326 (D. Conn 2008) (neither Patriot Act, nor BSA/AML, creates private cause of action); Armstrong v. American Pallet Leasing, Inc., 678 F.Supp.2d 827, 875 (N.D. Iowa 2009) (BSA/AML does not permit a private right of action); Aikens v. Interglobal Mergers and Acquisitions, 2006 WL 1878323 at *2 (S.D.N.Y. 2006) (Neither the BSA/AML, nor the Patriot Act, affords a private right of action); Martinez Colon v. Santander National Bank, 4 F. Supp. 2d 53, 58 (D.P.R. 1998)